1  David G. Jones, State Bar No. 186507
2  **SANTIAGO RODNUNSKY & JONES**
3  5959 Topanga Canyon Boulevard, Suite 220
   Woodland Hills, California 91367
4  TEL: (818) 884-3400
5  FAX: (818) 593-7086

6  Steven T. Lowe, State Bar No. 122208
7  **LOWE LAW, P.C.**
   11400 Olympic Blvd., Suite 640
8  Los Angeles, CA 90064
9  TEL: (310) 477-5811
   FAX: (310) 477-7672
10

11 Attorneys for Plaintiff
   JON VAN DYKE
12

FILED
2013 MAR 19 PM 3:50
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY ___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON VAN DYKE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>LIONS GATE ENTERTAINMENT INC., a Corporation; FRIENDS MEDIA, LLC, a Limited Liability Company; and DOES 1 through 20, Inclusive,<br><br>Defendant(s). | CASE NO. SACV13-454-JST (ANx)<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>1. Declaratory Relief<br>2. Accounting<br>3. Quantum Meruit<br>4. Breach of Contract<br>5. Recission<br>6. Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act;<br>7. Failure to Pay All Straight Time and/or Overtime Wages in Violation of the California Labor Code;<br>8. Waiting Time Penalties; and<br>9. Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

COMES NOW, Plaintiff JON VAN DYKE, alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. This Court has exclusive jurisdiction over this action under 28 U.S.C. §§1331 and 1338 in that this action involved claims arising under the Copyright Laws of the United States. To the extent that his action is based on related state claims, the Court has supplemental jurisdiction thereto under 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 and 1400 in that Defendants transact business in Los Angeles County, California.

5. Further, this Court has supplemental jurisdiction over Plaintiff's California Labor Code claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

6. Venue is proper in the United States District Court for the Central District of California because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district.

7. The Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure § 410.10 because Defendant is doing business in the State of California, has committed acts or omissions in California with respect to one or more causes of action arising from these acts or omissions, and/or has caused effects in California with respect to one or more causes of action arising from these effects.

## II. PARTIES

8. Plaintiff JON VAN DYKE (hereinafter referred to as "Plaintiff") is, and at all times mentioned herein was, a resident of the State of California, citizen of the United States of America.

COMPLAINT FOR DAMAGES
2

9. Defendant FRIENDS MEDIA, LLC (hereinafter referred to as "FRIENDS MEDIA" or "Defendant") is a Limited Liability Company organized under the laws of the State of California. Defendant LIONS GATE ENTERTAINMENT INC. (hereinafter referred to as "LIONS GATE") is a Corporation doing business in the County of Los Angeles, California. FRIENDS MEDIA and LIONS GATE are hereinafter collectively referred to as "Defendants."

10. Upon information and belief, the business activities of Defendant are those to which the Fair Labor Standards Act applies.

11. Additionally, upon information and belief, Defendant's gross sales or business exceeded $500,000 annually during each of the years that Plaintiff was employed by Defendant, thereby bringing Defendant's business activities within the purview of the Fair Labor Standards Act.

12. Defendant is responsible for the acts and omissions of employees of FRIENDS MEDIA, LLC acting within the course and scope of their employment.

## III. GENERAL ALLEGATIONS

13. In or about January 2010, Plaintiff was employed (and had been employed since 2006) as director of the media department of the Yorba Linda Friends Church ("hereinafter referred to as "YLFC").

14. In or about that time period, Brent Martz ("hereinafter referred to as "Martz") was Plaintiff's supervisor.

15. On or about January 6, 2010, FRIENDS MEDIA entered into an agreement with Plaintiff (hereinafter referred to as the "Agreement") to secure the rights to a screenplay written by Plaintiff (hereinafter referred to as the "Screenplay"). Suspiciously, Martz was deemed to be co-author of the Screenplay in the Agreement and was paid 50 percent of the compensation therefor, when in fact, he had not made any copyrightable (or other substantive) contributions to the Screenplay.

COMPLAINT FOR DAMAGES

3

16. Moreover, Martz was in position to and did exercise undue influence and/or coercion in connection with the execution of the Agreement i.e., Plaintiff was told by Martz that Plaintiff would lose his job with YLFC if he did not sign the Agreement.

17. Thereafter, for a period of approximately two and a half years, Plaintiff worked two (2) full time jobs: one for YLFC and one for FRIENDS MEDIA. The latter employment was as writer and director of the film entitled "Not Today" (hereinafter referred to as the "Film").

18. Although attempts were made to negotiate a written agreement between FRIENDS MEDIA and Plaintiff for the rendition of Plaintiff's services as director of the Film, no agreement was consummated. Plaintiff received no compensation for his services as director of the Film.

19. Plaintiff is entitled to "contingent compensation" in connection with the Film. Those rights were significantly impaired when the budget was mysteriously, and on information and belief, fraudulently increased from $650,000.00 to $1.8 million by FRIENDS MEDIA.

20. In the event that it is determined that Plaintiff was not an "employee" of FRIENDS MEDIA then Plaintiff is either sole author or a joint author of the Film and is entitled to either sole ownership of the copyright in the Film or co-ownership thereof.

21. After the Film was completed, Plaintiff again raised the issue of compensation for his director services and requested an accounting with respect to the approximately one million increase in the budget; he was unceremoniously terminated shortly thereafter.

22. Upon information and belief, LIONS GATE has acquired an interest in the Film and intends to exploit and/or distribute the Film.

23. In the alternative, Plaintiff was employed by FRIENDS MEDIA from

2010 to 2012. While employed by Defendant, Plaintiff regularly worked in excess of forty hours per week without receiving regular or overtime compensation.

24. Federal and state wage laws mandate that all employees be timely paid all wages for all hours worked, including overtime compensation. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to overtime pay for work in excess of forty hours per week.

25. Defendant terminated Plaintiff's employment on or before August 9, 2012, and has failed to provide Plaintiff with regular and overtime compensation for work performed during the course of Plaintiff's employment.

26. Plaintiff therefore brings this action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

27. Plaintiff also brings this action pursuant to the California Labor Code to recover unpaid wages, including premium overtime compensation for all hours worked.

28. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter. Specifically, Plaintiff's employment with Defendant does not fall under the any exemption provided for by law.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against All Defendants)

29. Plaintiff incorporates the allegations of paragraphs 1-28 as though fully set forth.

30. Plaintiff contends that he is either sole owner of the copyright in the Film or a joint author thereof, and is therefore entitled to share in all of the benefits and revenues derived therefrom. Upon information and belief, Defendants dispute these contentions.

31.     Plaintiff therefor seeks a declaration from this Court as to the rights and obligations of the parties, now and in the future.

## SECOND CLAIM FOR RELIEF

### (For An Accounting Against All Defendants)

32.     Plaintiff incorporates the allegations of paragraphs 1-32 as though fully set forth.

33.     Whether as a joint (or sole) author and/or pursuant to the Agreement, Plaintiff is entitled to profits derived from the exploitation of the Film.

34.     Plaintiff is informed and believes, and on that basis alleges that the budget to produce the Film was significantly inflated to include numerous illegitimate and improper expenses, thereby depriving Plaintiff of his fair and reasonable profit participation.

35.     Plaintiff therefor requests an accounting to determine what amounts are owed to the Plaintiff.

## THIRD CLAIM FOR RELIEF

### (For Quantum Meruit Against All Defendants)

36.     Plaintiff incorporates the allegations of paragraphs 1-35 as though fully set forth.

37.     Within the last two (2) years, Plaintiff has rendered significant services in connection with the Film for which he has not been paid, including spending ten (10) weeks in India rendering services as director (among other services performed) in connection with the Film.

38.     Although those services were rendered at the instance and request of FRIENDS MEDIA, they were also to the substantial benefit of LIONS GATE. Therefore, there is an agreement implied in law and in fact to pay Plaintiff the reasonable value of his services.

39.     Consistent with custom and practice in the entertainment industry, the

reasonable value of Plaintiff's services is $500,000.00.

## FOURTH CLAIM FOR RELIEF

### (For Breach of Contract Against FRIENDS MEDIA)

40. Plaintiff incorporates the allegations of paragraphs 1-39 as though fully set forth.

41. Plaintiff and FRIENDS MEDIA entered into the Agreement. Implied in said Agreement is a covenant of good faith and fair dealing.

42. Plaintiff performed all covenants and conditions required of him except as excused by the conduct of Defendant.

43. Defendant breached the Agreement by <u>inter alia</u>, engaging in the acts and omissions set forth hereinabove and in particular those alleged in paragraph 34. In addition, Plaintiff has not been permitted to participate in any of the publicity or recognition from the Film even though it has won multiple awards at various film festivals, and Plaintiff's right to make "final cut" has been violated.

44. As a result of the foregoing, Plaintiff has been damaged in an amount according to proof in excess of $1 million.

## FIFTH CLAIM FOR RELIEF

### (In the Alternative, For Recission Against FRIENDS MEDIA)

45. Plaintiff incorporates the allegations of paragraphs 1-44 as though fully set forth.

46. Plaintiff seeks to rescind the Agreement pursuant to <u>California Civil Code</u> §1689 on the grounds of <u>inter alia</u>, duress, mistake, and lack of consideration.

## SIXTH CLAIM FOR RELIEF

### (In the Alternative, For Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 Against FRIENDS MEDIA)

47. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

48. In the alternative, at all relevant times herein, Plaintiff was employed with Defendant and was subject to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201. Section 207(a)(1) of the FLSA requires all employees to be paid "at a rate not less than one and one-half times the regular rate at which he is employed" for any work performed in excess of forty hours per workweek, unless specifically exempted by the law.

49. At all relevant times herein, Defendant had a policy and practice of requiring Plaintiff to work in excess of forty hours per workweek without paying Plaintiff one and one half times his regular rate of pay. Defendant was fully aware of the hours worked by, and the duties assigned to, Plaintiff. By failing to pay Plaintiff overtime compensation in compliance with the FLSA, Defendant violated Plaintiff's rights under 29 U.S.C. § 207.

50. Throughout the course of his employment with Defendant, Plaintiff worked hundreds of unpaid regular and overtime hours, as well as repeated "double time" hours. Notwithstanding such, Plaintiff has never been paid for hours worked in excess of 40 during any workweek. Therefore, Plaintiff claims overtime wages for all hours worked in excess of 40 throughout the course of his employment with Defendant.

51. Furthermore, on information and belief, Defendant knowingly, willfully, and intentionally refused to pay Plaintiff's overtime wages, as required by the Fair Labor Standards Act.

52. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant: (i) unpaid overtime compensation; (ii) an additional equal amount as liquidated damages; (iii) reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

///

///

## SEVENTH CLAIM FOR RELIEF

(In the Alternative, For Failure to Pay All Straight Time and/or Overtime Worked in Violation of California Labor Code §§ 510 and 1194 Against FRIENDS MEDIA)

53. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

54. In the alternative, during the course of Plaintiff's employment with Defendant, Plaintiff was required and permitted to work shifts lasting over eight (8) hours in duration, for which he was not paid overtime wages. Pursuant to California Labor Code § 510(a), an employer is required to pay at one and one-half (1.5) times the regular rate of pay for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek."

55. In addition to working shifts that lasted over eight (8) hours in duration, Plaintiff was required to work in excess of eight (8) hours on any seventh day of a workweek. Pursuant to California Labor Code § 510(a), an employer is required to pay at twice the regular rate of pay of an employee for "any work in excess of eight hours on any seventh day of a workweek."

56. Pursuant to California Labor Code §§ 1194 and 1198, Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of straight time and overtime compensation owed to him, including interest thereon, liquidated damages in an amount equal to the unpaid minimum wages, reasonable attorney's fees, and costs of suit.

## EIGHT CLAIM FOR RELIEF

(In the Alternative, For Waiting Time Penalties Under California Labor Code §§ 201 and 202 Against FRIENDS MEDIA)

57. Plaintiff incorporates by reference all paragraphs above as if fully set forth

herein.

58. California Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

59. California Labor Code § 203(a) provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code § 201(a), the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

60. Alternatively, Defendant terminated Plaintiff's employment on or before August 9, 2012, and has since failed to provide Plaintiff with all compensation due and owing for work performed during the course of Plaintiff's employment. As a direct and proximate result, Defendant is liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203, together with interest thereon.

61. Pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiff is entitled to recover the full amount of his unpaid wages, continuation wages under § 203(a), interest thereon, reasonable attorney's fees, and costs of suit.

## NINTH CLAIM FOR RELIEF

**(In the Alternative, For Unlawful Business Practices in Violation of California Business & Professions Code § 17200 Against FRIENDS MEDIA)**

62. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

63. Defendant failed to pay Plaintiff for hours worked, in violation of California Labor Code §§223 and 510. Defendant also failed to provide Plaintiff with timely, accurate, and itemized wage statements in violation of California Labor Code §226. Finally, the acts previously complained of are also violative of state and federal law.

///

64. Defendant's failure to pay Plaintiff in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code § 17200. Defendant knowingly, intentionally, and fraudulently engaged in such unlawful payroll practices in order to save money and increase profits.

65. Plaintiff has suffered economic harm and actual injury as a result of Defendant's unlawful, unfair, and fraudulent business practices. As such, Plaintiff has standing to bring this action.

66. As a direct and proximate result of the unfair business practices of Defendant, Plaintiff is entitled to: (i) full restitution and/or disgorgement of all monies and wages; (ii) interest on the amount of restitution awarded; and (iii) attorney's fees under California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, as a proximate, legal, and substantial cause of Defendant's acts and omissions above, Plaintiff prays for the following remedies:

1. For a declaration of the Parties' rights and obligations;
2. For an accounting;
3. For the reasonable value of services in excess of $500,000.00;
4. For damages in excess of $1 million;
5. For recission of the Agreement and restitution;
6. An award of unpaid wages to Plaintiff;
7. An award of unpaid overtime compensation to Plaintiff;
8. An award of liquidated damages pursuant to the FLSA, as a result of Defendant's willful failure to pay appropriate wages;
9. Waiting time penalties pursuant to California Labor Code § 203, together with interest thereon.
10. An award of pre-judgment and post-judgment interest to Plaintiff;

11. An award of costs and expenses of this action, together with reasonable attorney's fees to Plaintiff; and

12. Such other and further relief as this Court deems just and proper.

DATED: March 19, 2013                    SANTIAGO RODNUNSKY & JONES

_____
DAVID G. JONES
Attorneys for Plaintiff
JON VAN DYKE

DATED: March 19, 2013                    LOWE LAW, P.C.

_____
STEVEN T. LOWE
Attorneys for Plaintiff
JON VAN DYKE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action on all issues to which he is entitled to a jury.

DATED: March 19, 2013                    SANTIAGO RODNUNSKY & JONES

_____
DAVID G. JONES
Attorneys for Plaintiff
JON VAN DYKE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### SACV13- 454 JST (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:



| [ ] Western Division | [✓] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
David G. Jones, Bar No. 186507
Santiago Rodnunsky & Jones
5959 Topanga Canyon Boulevard, Suite 220
Woodland Hills, California 91367
TEL: (818) 884-3400    FAX: (818) 593-7086

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON VAN DYKE, an Individual,<br><br>PLAINTIFF(S)<br>v.<br>LIONS GATE ENTERTAINMENT INC,. a Corporation; FRIENDS MEDIA, LLC, a Limited Liability Company; and DOES 1 through 20, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV13-454-JST (ANx)<br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, David G. Jones_____, whose address is 5959 Topanga Canyon Blvd., Suite 220, Woodland Hills, CA 91367_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 1 9 2013            By: __MARILYN DAVIS__
                                    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                           SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>JON VAN DYKE, an Individual | DEFENDANTS<br>LIONS GATE ENTERTAINMENT INC., a Corporation; FRIENDS MEDIA, LLC, a Limited Liability Company; and DOES 1 through 20, Inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Santiago Rodnunsky & Jones; 5959 Topanga Canyon Boulevard, Suite 220, Woodland Hills, CA 91367; Ph: (818) 884-3400<br>David G. Jones | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 1,500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1338, Copyright Laws; 29 U.S.C. §207, Failure to Pay Overtime Wages

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SACV13-454

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Lions Gate Entertainment Inc.: Los Angeles<br>Friends Media, LLC: Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Orange | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date March 19, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |